IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIRVANA, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 21-cv-01986 <br><br> **Judge Robert M. Dow, Jr.** <br><br> **Magistrate Judge Susan E. Cox** |

**Declaration of Justin R. Gaudio**

## DECLARATION OF JUSTIN R. GAUDIO

I, Justin R. Gaudio, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Nirvana, L.L.C. ("Nirvana" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Off-shore e-commerce store operators offering for sale products using counterfeit trademarks typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my over ten years of experience in anticounterfeiting investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

3. An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a physical address on the e-commerce store. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate when registering their account. However, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. Since an e-commerce store operator can

input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants.

4. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by e-mail. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 1**.

5. **Exhibit 2** attached hereto is a true and correct copy of the unpublished decisions cited in Plaintiff's Memorandum in Support of the Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 15th day of April 2021 at Chicago, Illinois.

/Justin R. Gaudio/
Justin R. Gaudio
*Counsel for Nirvana, L.L.C.*